**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSEPH MICHAEL TRADER (1),<br>Defendant. | Case No.: 19-cr-00197-H<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)**<br><br>[Doc. No. 45.] |

On July 13, 2026, Defendant Joseph Michael Trader, proceeding pro se, filed a motion with the Court, stating that he was informed that a federal inmate who was incarcerated during the COVID-19 pandemic could receive a one-year sentence reduction. (Doc No. 45.) In light of this, the Court construes Defendant's pro se filing as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1). For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

**Background**

On January 15, 2019, the Government filed an indictment charging Defendant with: (1) (count one) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) (count two) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 924(c)(1); and (3) (count three) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(d)(1). (Doc. No. 10.) On July 3, 2019,

the Government filed a superseding indictment charging Defendant with the same three counts. (Doc. No. 21.)

On July 3, 2019, Defendant entered a plea of guilty, pursuant to a written plea agreement, before the Magistrate Judge to counts one, two, and three in the superseding indictment. (Doc. No. 23, 24, 25.) On July 3, 2019, the Magistrate Judge issued his findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 27.) On July 25, 2019, this Court adopted the findings and recommendation of the Magistrate Judge and accepted Defendant's guilty plea to the three counts. (Doc. No. 28.)

On December 9, 2019, the Court held a sentencing hearing. (Doc. No. 40.) At the hearing, the Court sentenced Defendant to a custodial sentence of 120 months in prison followed by five years of supervised release. (Doc. Nos. 40, 41.) The Court entered a judgment on December 9, 2019. (Doc. No. 41.) By the present motion, Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1). (Doc. No. 45.)

## Discussion

### I. Legal Standards

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). "With 18 U.S.C. § 3582(c)(1)(A), Congress provided one such 'narrow' exception—sometimes called compassionate release—for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." United States v. Bryant, 144 F.4th 1119, 1123 (9th Cir. 2025) (quoting Freeman v. United States, 564 U.S. 522, 526 (2011)).

18 U.S.C. § 3582(c) provides:

> (c) **Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); accord Aruda, 993 F.3d at 799–800.

When as here a defendant moves to reduce his sentence under § 3582(c)(1)(A)(i), a district court "may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chen, 48 F.4th 1092, 1094–95 (9th Cir. 2022); see United States v. Wright, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all [these] predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." Wright, 46 F.4th at 945 (citing Keller, 2 F.4th at 1284).

The Ninth Circuit has explained that because "compassionate release derogates from the principle of finality, it is a 'narrow' remedy." Id. at 944 (citing Freeman, 564 U.S. at 526). Further, a district court's decision on a "[s]entence reduction under § 3582(c)(1)(A) is discretionary." Bryant, 144 F.4th at 1123 (citing Wright, 46 F.4th at 945). In addition, "[a]s the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction." United States v. Grummer, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021) (citing United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016)); see, e.g., Wright, 46 F.4th at 951 ("it was [defendant]'s burden to establish his eligibility for compassionate release").

## II. Analysis

### A. Extraordinary and Compelling Reasons

Congress provided no statutory definition of "extraordinary and compelling reasons" in Section 3582(c)(1)(A). Aruda, 993 F.3d at 800. "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" Id. (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" can be found at U.S.S.G. § 1B1.13. See Bryant, 144 F.4th at 1123–24.

> (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) Medical Circumstances of the Defendant.—
>
> > (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-

tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—>

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.—

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where

> such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b). District courts "are 'bound by' § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A)." Bryant, 144 F.4th at 1124 (citing Concepcion v. United States, 597 U.S. 481, 495 (2022)).

In his motion, Defendant states that that he was informed that a federal inmate who was incarcerated during the COVID-19 pandemic can receive a one-year sentence reduction. (Doc No. 45.) This is incorrect. Imprisonment during the COVID-19 pandemic by itself is not one of the extraordinary and compelling reasons listed in § 1B1.13(b). Further, federal courts have held that imprisonment during the COVID-19 pandemic by itself does not constitute an extraordinary and compelling reason to warrant a reduction in sentence. See United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); United States v. Cobarruvias-Pete, No. 18CR4151-CAB, 2021 WL 4819301, at *1 (S.D. Cal. Oct. 15, 2021) ("Courts are consistently refusing to grant release from custody to inmates or detainees who have been vaccinated."); United

States v. Duren, No. 3:16-CR-02892-JAH, 2024 WL 3883492, at *4 (S.D. Cal. Aug. 19, 2024) ("The Court is unpersuaded by general and speculative concerns regarding COVID-19."). As such, Defendant has failed to demonstrate an extraordinary and compelling reason for a sentence reduction, and the Court denies his motion to reduce sentence on this ground. See Bryant, 144 F.4th at 1124 ("If a defendant cannot show 'extraordinary and compelling reasons' as defined in § 1B1.13, then he is ineligible for compassionate release.'").

B. Exhaustion

A court may not modify a term of imprisonment under Section 3582(c)(1)(A), "unless the defendant has fully complied with the exhaustion requirement" set forth in that provision. Keller, 2 F.4th at 1282 ("§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked."). Under that exhaustion requirement, "a court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." Id. at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)).

In his motion, Defendant does not state that he has ever made a request to the BOP to make a § 3582(c) motion or any other type of motion on his behalf. (See Doc. No. 45.) As such, Defendant has failed to demonstrate that he has complied with the exhaustion requirement in Section 3582(c)(1)(A) and this provides an additional basis for denying his motion to reduce sentence.

/ / /

/ / /

/ / /

**Conclusion**

In sum, the Court concludes that there are no "extraordinary and compelling reasons" that would warrant a sentencing reduction in this case. Accordingly, after considering Defendant's motion and applying the relevant legal standards, and based on the current record, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record.

**IT IS SO ORDERED.**

DATED: July 21, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT